NEWMAN, Circuit Judge,
dissenting.
I respectfully dissent. It is not clear and convincing evidence of deceptive intent that the applicant did not inform the examiner of the examiner’s grant of a related case of common parentage a few months earlier, a case that was examined by the same examiner and whose existence has previously been explicitly pointed out by the same applicant. Nor is it clear and convincing evidence of deceptive intent that the applicant did not cite a reference that the applicant had cited in the same related case, and that had been explicitly discussed with the same examiner in the related case.
Whether or not the examination was perfect, invalidation based on the charge of withholding material information for purposes of deception requires more than was here shown. To avoid the inequity resulting from litigation-driven distortion of the complex procedures of patent prosecution, precedent firmly requires that the intent element of inequitable conduct must be established by clear and convincing evidence of deceptive intent — not of mistake, if there were such, but of culpable intent. See Kingsdown Medical Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 872 (Fed.Cir.1988) (en banc) (both materiality and intent to deceive must be proven); Molins PLC v. Textron, Inc., 48 F.3d 1172, 1181 (Fed.Cir.1995) (proof of “clear and convincing” is necessary to establish intent to mislead or deceive the PTO). In Kings-down, we observed that, “To be guilty of inequitable conduct, one must have intended to act inequitably.” 863 F.2d at 872 (quoting FMC Corp. v. Manitowoc Co., Inc., 835 F.2d 1411, 1415 (Fed.Cir.1987)). That standard was not met here. This court returns to the “plague” of encouraging unwarranted charges of inequitable conduct, spawning the opportunistic litiga *927 tion that here succeeded despite consistently contrary precedent.